Stanley *v.* Dunn.

Filed January 28, 1896.

No. 17,565.

## STANLEY *v.* DUNN.

BURDEN OF PROOF.— *Married Woman.— Cancellation of Instrument.—Duress.—*A married woman suing for the cancellation of a written agreement as procured by duress and coercion has the burden of establishing that it was so procured.

WITNESS.—*Cross-Examination.—Married Woman.—Cancellation of Instrument.—Promise to Pay.—*A married woman suing to cancel an agreement as procured by threats and duress, and who has testified that she was compelled by threats and duress to pay a debt that she claimed she was not under legal obligation to pay, may be asked on cross-examination whether she had not admitted that the claim was her own, and that she always intended to pay it.

From the Benton Circuit Court.

*G. Wadsworth* and *D. Smith,* for appellant.

*Fraser & Isham,* for appellee.

JORDAN, J.—Appellant sued appellee to secure the cancellation of a certain written instrument executed by her, and also to recover certain property and money. The execution of the instrument, and also the property

and money in suit, are alleged to have been obtained from her through coercion, duress, and by putting her in fear. The theory of the action is that the appellant paid a certain sum of money to appellee, and turned over to him a horse upon a debt of her husband, and executed the instrument in question against her own free will, under coercion, threats, intimidation, at a time when her mind was overpowered and she was helpless, all of which wrongful acts she charges against the appellee, his attorney, and the sheriff of the county. The issues were joined between the parties by an answer in denial, and a trial by jury resulted in the return of a verdict against appellant, and over her motion for a new trial the court rendered judgment against her for costs. The action of the court in overruling the motion for a new trial is the only error assigned.

Counsel for appellant have cited many authorities to sustain the proposition that an action will lie to recover money or property obtained from the complaining party under duress. This principle of law appellee properly concedes.

The principal contentions of counsel for appellant in this appeal are, that the judgment is not sustained by the evidence, and that the court erred in giving to the jury certain instructions. The appellant was the only witness by whom the facts alleged by her were upon the trial sought to be established. The evidence which she gave in her own behalf tended to substantially sustain the following facts:

That prior to June 10, 1894, appellee had commenced an action against her and her husband, one Edward Stanley, by attachment, in the Benton circuit court, upon certain notes executed by appellant and her husband, and that her property had been seized by the sheriff under the writ of attachment issued in said

action; that the notes were executed by her as the surety for her husband, they being husband and wife, residing in this State at the time the notes were executed; that on the day above mentioned the appellee, together with his attorney and the sheriff, and also appellant's husband, came to the home of appellant; that she was informed by the sheriff that he had her husband under arrest, the latter at the time being in a state of intoxication; that appellee, his attorney, and the sheriff demanded of her that she settle the claims upon which the action in attachment had been instituted, and that if she did not do so they would take her husband back to the county jail and keep him there until the debt was paid; that she was so alarmed and intimidated by this threat that she did not realize what she was doing, and that through fear that the threat would be carried out by the parties, and that her husband would be imprisoned, she settled the claim of appellee by turning over to him the money and property in question, and, with her husband, executed the instrument which she asked to have delivered up for cancellation; that this money and property were held by her in her own right, and that her husband had no property of his own. She admitted upon her cross-examination that she had said that the debt upon which appellee based his action in attachment was her own, and that she had always intended to pay it.

The appellee testified in his own behalf, and his evidence and that given by his attorney and the sheriff, we are of the opinion, fully warranted the verdict returned by the jury.

This evidence materially contradicts that given by appellant. From it the following facts substantially appear: That the appellee had sold groceries to appel-

lant and her husband, and had charged the same to her and her husband jointly; that he had furnished money to pay taxes and to improve certain real estate held by her, amounting in all to over three hundred dollars; that in settlement of this she and her husband had executed notes; that after the action in attachment had been instituted upon this claim by appellee, and her property had been seized and possession thereof taken by the sheriff, appellant's husband was desirous of securing a settlement of the matters and thereby avoid the expense of a lawsuit; that in order to see if the matter could be arranged or settled, the appellee, at the request of Mr. Stanley, together with the sheriff, and also the attorney for appellee, in company with Mr. Stanley, went to her home to see her in regard to the arrangement; that after arriving at the house and having some conversation in regard to the business in question, it was finally agreed that if the appellee would accept a horse owned by Mrs. Stanley (being one which had been attached) at one hundred and twenty-five dollars, in part payment, she would pay the remainder of the three hundred dollars (appellee having agreed to reduce his claim to that sum) in money. This proposition was finally accepted and the debt was settled upon these terms, and the parties executed the following instrument, which is the one appellant seeks, by her action, to have canceled:

JOHN DUNN  
    *v.* }  Benton Circuit Court.  
EDWARD STANLEY,  
ESSEY STANLEY.

This cause is hereby dismissed, all costs paid, and all matters and things in controversy between the parties fully settled. The plaintiff's claim being paid in full; the property seized on the writ to be returned to the

defendant, except the young mare, which is to be the property of the plaintiff, he to have leave to withdraw his bond and undertaking; all matters in controversy between the parties being fully settled up to date.

(Signed)

FRASER & ISHAM,
Attorneys for plaintiff.

ESSEY STANLEY.
ED. STANLEY.

That no threats were made to obtain the settlement or to procure the property or money, and nothing was said about taking her husband to jail unless the settlement was made; that Mrs. Stanley paid the debt, in the manner stated, of her own free will, and fixed her own price upon the mare, which was over and above the actual value of the animal; that the money and mare turned over to appellee in payment of the debt belonged to and was held by appellant in her own right; that the reason that the sheriff went along with the parties was to return the attached property which he had in his custody to Mrs. Stanley in the event the settlement was effected. It further appears from the evidence that the husband of appellant, who seems to be addicted to the excessive use of intoxicating liquor, had been arrested by the sheriff the day previous to the one on which the settlement was made, upon the charge of committing a misdemeanor in the presence of that officer, and had been confined over night in jail, but had been released and was not under arrest at the time the settlement was made. It further appears that Mrs. Stanley's husband had proposed to pay the claim of appellee in money, but this his wife repudiated and declined to be bound by his arrangement, and would not settle the claim until appellee would agree to take the mare at her price, as

she claimed she had more horses than she could supply with pasture, and for this reason desired to dispose of some of them. The appellant, it appears, had always promised appellee that she would pay the claim. This, we think, is a fair summary of the evidence given to the jury upon the trial of this cause. The jury and the trial court seem to have accepted that upon the part of the appellee, as showing the true version of the matters in controversy. Considering this evidence in the light most favorable to appellant, it shows that she was, at least, morally bound to pay appellee's claim.

This obligation, it appears, she had repeatedly said she would discharge, and this it seems she did, in the exercise of her own volition and upon her own terms. She had been sued upon the notes which she and her husband had executed to appellee, and her property had been attached, and it was her privilege and right, if she so desired, in order to avoid further litigation, to settle and pay the debt with her own means, although she may have been but a surety for her husband upon the notes in controversy. Considering the evidence which the jury seem to have regarded as the most credible, there is an entire absence of fraud, coercion, or duress upon the part of appellee or those against whom the charge is made in the complaint.

The cardinal point or question to be determined from the evidence upon the trial was: Did appellant turn over the property and money and execute the written agreement while under duress or coercion as alleged? This she was required to establish by a preponderance of the evidence, otherwise she must necessarily fail to recover. Counsel complain of the evidence given by appellant upon her cross-examination to the effect that she had admitted that the claim of appellee was her own, and that she had always intended to pay it. This

was proper to be received and considered by the jury to rebut her statement that she had turned over her property and money to appellee by the means of threats and duress to pay a debt which she claimed upon the trial she was not under a legal obligation to do. We have examined the instructions given by the court, and considering the same as a whole, we are of the opinion that the jury was properly advised as to the law upon all the material issues in the case. It may be true, perhaps, that some of the instructions are open to criticism, but these are upon minor points, and under the evidence could have no controlling influence upon the ultimate result. As it appears from the evidence that the merits of this cause have been fairly tried and determined, and a correct result reached under a rule repeatedly affirmed by this court, we are required to disregard any intervening errors which may have occurred in giving or refusing instructions. Section 670, R. S. 1894 (section 658, R. S. 1881).

The ends of justice seem to have been subserved upon the trial, and the appellant has no just grounds of complaint.

The judgment is therefore affirmed.

Filed January 28, 1896.