Carl Runyan, Appellee, v. George Bland, Appellant.

Gen. No. 8,469.

Opinion filed December 16, 1931.

BOYER & LEONARD, for appellant; F. B. LEONARD, of counsel.

DOBBINS & DOBBINS, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This case was brought in the circuit court of Champaign county by the appellee Carl Runyan, who was riding as a guest in the automobile of the appellant, George Bland, on Dec. 8, 1929, to recover damages for personal injuries resulting to him while riding in appellant's automobile as such guest, and was thereby involved in an accident, which occurred about one mile southeast of Covington, Indiana. The action is brought under the so called "Guest Statute" of the State of Indiana, which provides, "that no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator, or caused by his reckless disregard of the rights of others."

The appellee filed a declaration in the cause, in which he averred his right of recovery to be based upon the fact that the injury suffered by him in the accident was in consequence of appellant's driving the automobile in question on the highway mentioned, "with reckless disregard of his rights and the rights of others."

The case was submitted to the jury on the fourth and fifth additional counts of the declaration as

amended, both of which in addition to averments of negligence contain the averment above set forth. There was a trial of the case and a verdict and judgment for $3,625 against the appellant, from which this appeal is prosecuted.

Concerning the facts involved in the litigation, the appellant makes the following statement in his brief:

The evidence showed that on Sunday afternoon, December 8, 1929, the plaintiff, Runyan, and the defendant, Bland, drove from Champaign, Illinois, to Danville, Illinois, in George Bland's one-seated roadster which was equipped with side curtains and isinglass. They went to a show Sunday afternoon and got out around 5:00 or 5:30 o'clock and then made a "date" in Danville with two young ladies for 8:00 o'clock that night. Having nothing to do from 5:30 to 8:00 o'clock the defendant asked the plaintiff to suggest somewhere to go and the plaintiff suggested going to Veedersburg to see a man to whom the plaintiff was slightly indebted. They went to Veedersburg but couldn't find the man at first, but later saw him and then started back to Danville (as stated by plaintiff) at "twenty-four minutes after seven." The Indiana paved highway as they came west from Veedersburg returning to Danville, Illinois, passes through Covington, Indiana. The accident happened between Veedersburg and Covington. From Veedersburg to within a mile or so of Covington the road runs practically straight east and west and then south of Covington there is a sharp "double curve" leading north into Covington as one goes west.

The defendant was driving his car first at 45 miles an hour when he left Veedersburg, then around 55 or 60 miles an hour when the plaintiff said to him, "Say, fellow, if we want to make those dates there is no use killing ourselves beforehand." The plaintiff's version of what happened is as follows:

"He just sort of laughed or something and kept on going and the next time I looked at the speedometer it was registering 68 and just as I looked up I saw the headlights flare on a sign and I said to George to cut this thing off, there is a curve up ahead, and there wasn't any response and I looked over at him and he had his arm down by the side curtain of the door trying to see what time it was. . . . After I made that statement, when George raised up, the front wheels, the one left front wheel, had started off the road and he jumped on the brake. He pushed down on it and the car skidded. As it skidded we went over an embankment and hit something," etc.

According to the defendant's version he was driving between 60 and 65 miles an hour and Carl Runyan asked him what time it was. The defendant had on a wrist watch and held it down close to the dash light so he could see and glanced off the road about a half second looking at the watch, when the plaintiff, Runyan, said, "You had better slow up, there is a curve ahead." He immediately looked up, saw the curve and cut off the motor by pushing in the clutch and applying the brakes gently. "The car kind of swerved a little and the left wheels went off in the soft gravel to the left of the road" and by that time he came to the second curve of the double curve and could not get back on the road and went over in the ditch.

There was no one else in the car except the two young men. The plaintiff was 22 years old and the defendant was 25 years old. The defendant was employed at the University of Illinois in the transportation department as an electrician.

It is argued by the appellant for the reversal of the judgment, that the charges of the fourth and fifth additional counts of the declaration amount only to charges of negligence and do not charge wantonness or wilful conduct, as defined by the decisions in the

courts of review of Indiana and Illinois; and that it has been held by the court of review in several States in construing statutes similar to the Indiana guest statute, that the conduct of a defendant entitling a guest to recover must amount to wilful and wanton conduct; and that negligence, however gross, will not support a recovery. It is sufficient to say, concerning this contention, that both of the counts under which the case was submitted to the jury charged the appellant with having driven the automobile in question with ''reckless disregard of the rights of the appellee and others,'' which is distinctly made a ground for recovery under the Indiana statute. The plea of the general issue to this charge in the declaration raised an issue of fact which the jury found by their verdict in favor of the appellee.

The appellant argues in his brief upon the point raised, that conduct amounting to a ''reckless disregard of the rights of others'' in driving a motor car has been construed by the courts of Illinois and other States to amount to wilful and wanton conduct as a matter of law; and that inasmuch as the counts in the declaration mentioned charge the conduct to be merely negligence, a recovery cannot be sustained. Whether the charge made in the declaration against the appellant amounts in law to a charge of wanton or wilful conduct, is not now a pertinent question, because the question of the guilt of the appellant of conduct amounting to a ''reckless disregard of the rights of others,'' as charged was submitted to the jury as a question of fact; and passed upon by the jury as a question of fact; and the jury found that the appellant was guilty of such conduct in driving of the automobile in question; and under the Indiana statute this gives the guest riding in the car cause of action, and legal right to recover. And the evidence in the record discloses that the jury were warranted in finding that the appellant drove his car in reckless disregard of

the rights of the plaintiff and others. It is true that both parties on the trial of the cause appear to have taken the position that the conduct of the appellant, which resulted in the injury to the appellee, was a question of negligence; and that the cause was tried upon the theory that conduct involving "a reckless disregard of the rights of others" in driving a car, was negligence; but concerning this contention, it must be pointed out, that "it is a well settled rule, that a person cannot try a case on one theory in the trial court and on another theory in the court of review." *Lewy v. Standard Plunger Elevator Co.*, 296 Ill. 295; *Butler v. Miller*, 208 Ill. 231; *Davis v. Illinois Collieries Co.*, 232 Ill. 284; *Winnard v. Clinton*, 233 Ill. 320.

Error is also assigned on the refusal of the court to exclude the evidence concerning hernia, which the appellee suffered, because, it is insisted, no causal connection of this injury is shown by the evidence with the accident. The appellee testified concerning the hernia, that at the time the cast was taken off at the hospital where he had been confined after the accident, he had a pain in the abdomen; that he felt a stinging pain; felt as though there was a pressure against it, or something pulling at it; that the pain was on the right side of the abdomen where the thigh bends; and that there was a bulge at that place, the size of an egg. That the bulge had not been there before the accident; and that the condition of his health previous to the accident had been perfect. This evidence tended to show a causal connection between the hernia and the accident. We conclude, therefore, that the court did not err in its refusal to exclude this evidence.

It is also assigned as error that the court refused to withdraw the jury and continue the case when plaintiff's witness Weldon testified to a statement by the appellant concerning insurance for damages to his car. The witness Weldon was called to testify for the appellee with reference to statements made by

the appellant concerning the speed at which he was driving the car at the time of the accident; and to other matters concerning his conduct at that time. In the course of his testimony relating to a conversation that he had with the appellant, he said: "I said, 'did it damage your car much?' He said, 'yes, considerably, but my insurance on the car—' " Mr. Herrick: "Objected to as very prejudicial and improper." By the court: "Objection sustained, and it will be stricken." It does not appear, nor is it claimed, that the statement concerning insurance on the car was responsive to any inquiry made of the witness by the appellee's counsel; nor that it was made with the consent or connivance of the appellee, or his counsel; but it appears to have been purely voluntary on the part of the witness, who made it as a part of the conversation he had with the appellant concerning the accident. It was promptly stricken by the court as improper and incompetent. We do not think that it could have had any prejudicial effect on the jury under these circumstances in determining the question of whether the appellant was guilty of the reckless driving charge especially in view of the conclusive evidence in that feature of the case. Moreover, it does not necessarily follow that because he had insurance covering injuries to the car, the appellant also had insurance to cover injuries to persons riding in his car. We are of opinion that the court did not err in overruling appellant's motion to withdraw the jury and continue the case.

It is also contended that the amount of damages assessed by the jury is excessive. But in view of the extent of the plaintiff's injuries and his pain and suffering which the evidence discloses, the amount found by the jury cannot be regarded as excessive.

The record does not disclose any reversible error, and the judgment is therefore affirmed.

*Judgment affirmed.*