PATRICK J. DOODY, ADMINISTRATOR, (ESTATE OF BEATRICE DOODY) *vs.* PHILIP ROGERS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 5th—decided February 21st, 1933.

*Denis T. O'Brien, Jr.,* and *Robert M. Dowling,* for the appellant (plaintiff).

*Louis Boyarsky,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages for the death of his decedent, Beatrice Doody, alleged to be due to the reckless misconduct of the defendant in operating an automobile in which she was riding as a guest. A verdict was rendered at the direction of the trial court in favor of the defendant. The plaintiff made a motion to set the verdict aside. The trial court denied this motion and the plaintiff has appealed. The jury might reasonably have found the following facts: The plaintiff's decedent and the defendant, with two others, had been at a roadhouse south of Wallingford and about midnight the four entered the one-seated automobile of the defendant. He then drove northward until he came to the southerly end of Broad Street in Meriden. After leaving the roadhouse, the defendant's guests objected to the speed at which he was driving and he did slow down, but just before the accident the automobile was traveling at a speed of forty-five to fifty miles an hour. Without slackening the speed, the defendant drove the car with terrific force into the rear of a heavy truck going in the same direction, causing the injuries to the plaintiff's decedent, for which the plaintiff is seeking recovery. The truck was proceeding upon its right-hand side of the road at a speed of four to five miles an hour. It had two taillights and two reflectors upon its rear end. Broad Street at the point of the accident has a concrete surface about twenty feet wide with shoulders on each side. It runs straight for a considerable distance before the place where the accident occurred, rising to

the north at a seven per cent grade. The night was clear with a moon shining and the road was dry. There was an automobile coming in the opposite direction which passed the truck almost at the moment of collision. The jury might reasonably have inferred that the defendant could have seen the rear lights of the truck while he was a considerable distance from it, and that his failure to see it was not due to a momentary inattention, but to a continued neglect to observe conditions of the roadway before him, and that, even if as he came closer to the truck, his vision was affected by the lights of the car coming in the opposite direction, these would not have prevented his seeing the rear lights of the truck for a considerable time before that. The question whether the defendant was guilty of such heedless and reckless disregard of the rights of others as would justify a recovery by the plaintiff under the "guest statute" is one of fact for the determination of the jury, and its conclusion must stand if it is one which the jury could fairly and reasonably reach. *Coner* v. *Chittenden,* 116 Conn. 78, 163 Atl. 472. Considering the conditions at the time of the accident, the fact that there were four persons in the defendant's car with its single seat, the continued inattention of the defendant to the situation upon the road in front of him, the remonstrance made to him as to speed by the guests in the car and the speed at which he was driving, the jury might reasonably have reached the conclusion that the defendant was guilty of reckless misconduct within the terms of the statute. The trial court should not have directed a verdict for the defendant. Having done so, it should have set it aside upon the plaintiff's motion.

There is error, the judgment is set aside and a new trial ordered.