WALTER C. CURTIS *vs.* FRANK COMERFORD.

PETER E. CORLISS *vs.* SAME.

CLARENCE R. POWERS *vs.* FRANK J. COMERFORD.

Suffolk.   May 12, 1933. — July 3, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

A finding of gross negligence on the part of the operator of an automobile was warranted on evidence that, on a road twenty-five or twenty-six feet wide, at a place where a slight incline and a curve obstructed his view of vehicles coming in the opposite direction, he turned out to pass a large truck going in the same direction and increased the speed of the automobile to more than forty-five miles an hour; that, as the automobile was abreast of the truck, whose speed then was thirty-five miles an hour, he saw another truck coming from the opposite direction two or three hundred feet away; that, when persons riding in the automobile warned him that he could not "make it," he replied "that it was his car and he could do as he pleased with it" and that "if I can't make it, I will take a wheel off," and "gave the car all the gas he had"; and that the automobile passed the first truck, but, as it swerved to the right, struck the second truck, skidded and overturned.

THREE ACTIONS OF TORT.   Writs in the first two actions dated December 4, 1928, and in the third action dated December 12, 1928.

The actions were tried together in the Superior Court before *Sisk*, J.   Material evidence is stated in the opinion. Subject to leave reserved, there were recorded verdicts for the plaintiffs in the sums, respectively, of $600, $600 and $400.   Thereafter the judge ordered entered a verdict for the defendant in each action.   The plaintiffs alleged exceptions.

*C. J. Muldoon, Jr., (J. F. Hardy & J. R. Corish* with him,) for the plaintiffs.

*J. W. Coughlin,* for the defendant.

PIERCE, J. These are three actions of tort wherein the plaintiffs seek to recover damages for personal injuries, alleged to have been sustained by them in an accident which occurred while they were riding, as guest passengers, in an automobile owned and operated by the defendant. The accident occurred on the morning of February 14, 1928, on Main Street, Walpole, Massachusetts, near the corner of Guild Street, and is alleged in the plaintiffs' declarations to have been caused by reason of the gross negligence of the defendant. The answers were a general denial and contributory negligence. The cases were tried together in the Superior Court to a jury. It was agreed by counsel that the testimony of each plaintiff would be admissible for and in behalf of the several plaintiffs. All the evidence material to the question here presented is contained in the plaintiffs' bill of exceptions.

At the conclusion of the evidence the defendant filed motions that verdicts for the defendant be ordered in each case. The judge denied the motion and submitted the cases to the jury on the counts for gross negligence, with leave reserved in accordance with the provisions of G. L. (Ter. Ed.) c. 231, § 120, to order verdicts entered for the defendant, if, upon the exceptions taken or question of law reserved, the trial judge or the Supreme Judicial Court should decide that such verdicts for the defendant should have been entered. The jury returned a verdict for the plaintiff in each case. Later, in accordance with leave reserved, the judge ordered the entry of verdicts for the defendant. The plaintiffs duly excepted to such orders and the cases are before this court on their bill of exceptions.

The brief for the plaintiffs contains the statement: "The only issue presented by these exceptions for determination by the Supreme Judicial Court is — I. Was there evidence for the jury of gross negligence on the part of the defendant in the operation by the defendant of his automobile at the time of the occurrence of the accident."

The rule governing the action of the trial judge in ordering a verdict for the defendant after statutory leave has been reserved is the same as obtains where the correctness of the trial judge's action is questioned in ordering a verdict for the defendant at the close of all the evidence in a case without submitting the case to the jury. In either situation "It is only when 'the court can find no evidence which, in its deliberate and ultimate judgment, is entitled to be weighed' that 'the jury should be instructed in terms that there is no evidence to support the burden of proof which rests upon the party.'" Le Baron v. Old Colony Street Railway, 197 Mass. 289, 291–292. "We are sensible of the danger of drawing the line too near to due care, and of finding gross negligence where only ordinary negligence exists," and realize that "Each case . . . must be decided according to its peculiar features." Evensen v. Lexington & Boston Street Railway, 187 Mass. 77, 79. Gross negligence, as defined without the exactness of a mathematical demonstration in Altman v. Aronson, 231 Mass. 588, 591–593, see Learned v. Hawthorne, 269 Mass. 554, 560–562, Cook v. Cole, 273 Mass. 557, 561, is distinguished from ordinary negligence in that it is different in degree and not in kind. It is a heedless and palpable violation of legal duty respecting the rights of others which amounts to indifference to present legal duty and to utter forgetfulness of legal obligation so far as other persons may be affected; the element of culpability which characterizes all negligence is magnified to a high degree, as compared with that present in ordinary negligence, and is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence.

The facts which the jury could warrantably find upon the testimony of the plaintiffs and the defendant are in substance as follows: On the day of the accident the plaintiffs and the defendant were employed as mechanics engaged in the erection of a high school building in East Walpole. On that morning the defendant by prearrangement met the several plaintiffs at various points on the road en route from the defendant's home to Walpole, the de-

fendant having undertaken to transport them as guests to the place of their common job. Including the defendant, who did the driving, there were six men in the automobile. They left Forest Hills station, which is distant from Walpole about fifteen miles, shortly after 7 A.M. and proceeded along the State Road toward Walpole at a speed of about thirty miles an hour. When they got to Norwood they stopped at a restaurant and had some coffee. After leaving Norwood the defendant drove the automobile for about two miles at the rate of about forty miles an hour. As they proceeded on Main Street on the outskirts, they came up with a large closed-in moving van which was going in the same direction. Main Street, near the corner of Guild Street where the accident is alleged to have occurred, is a road of white concrete twenty feet wide with macadam shoulders on each side, making a total width of twenty-five or twenty-six feet. At the scene of the accident there was a slight incline in the road which curved to the right so that a driver of an automobile in passing around a truck or automobile "could not see whether there was any one coming over the brow of the incline beyond." In these conditions, which inferentially could be properly found to have been known to the defendant, when his automobile came within twenty to fifty feet of the large truck or van ahead of him, the automobile was moving at the rate of forty to forty-five miles an hour and the truck was going about thirty-five miles an hour. The defendant then increased the speed of his automobile and started to turn out from the rear of the truck and to pass to its left. As the defendant got to the left of the center of the road he increased the speed and "went a little faster to pass it and get ahead of it." As he turned to pass the truck he did not see any vehicle coming from the opposite direction because the curve in the road and the furniture van ahead of him obstructed his vision. When his automobile came alongside the left of the truck he was endeavoring to pass, he saw a truck coming from the opposite direction about two or three hundred feet away. Seeing this truck coming toward him he gave the matter no concern because he figured he could clear it.

One of the plaintiffs said to the defendant "that he could not make it," and the defendant replied "that it was his car and he could do as he pleased with it." As he saw the oncoming car another of the plaintiffs said: "Frank, don't be foolish; you can't make it," and the defendant replied "To h–ll I can't, — if I can't make it, I will take a wheel off." Others in the automobile also told the defendant "not to be 'foolish because he couldn't make it.'" In disregard of these protests "the defendant gave the car all the gas he had," and put "his foot . . . right down hard on the board or gas pedal." The automobile proceeded on the left of the truck they were passing and just missed it. The defendant's automobile swerved to the right and hit the truck which was coming from the opposite direction, skidded and tipped over on its right side, causing the injuries to the plaintiffs for which they seek damages.

On all the evidence we think the jury were warranted in finding the defendant guilty of gross negligence, as that term is defined in *Altman* v. *Aronson*, 231 Mass. 588, and applied in *Manning* v. *Simpson*, 261 Mass. 494, *Learned* v. *Hawthorne*, 269 Mass. 554, *McCarron* v. *Bolduc*, 270 Mass. 39, *Kirby* v. *Keating*, 271 Mass. 390, *Logan* v. *Reardon*, 274 Mass. 83, *Parker* v. *Moody*, 274 Mass. 100, *Dzura* v. *Phillips*, 275 Mass. 283, *Bruce* v. *Johnson*, 277 Mass. 273, and *Schusterman* v. *Rosen*, 280 Mass. 582. In each action the exceptions are sustained, and judgment is to be entered for the plaintiff on the verdict for the plaintiff.

*So ordered.*