## KRANING *v.* TAGGART ET AL.

[No. 15,180.   Filed May 11, 1936.   Rehearing denied October 14, 1936.   Transfer denied December 16, 1936.]

*Russell J. Wildman* and *Gus Condo*, for appellant.

*York & Rees, Browne, Campbell & Gemmill* and *Charles A. Rich,* for appellees.

Wood, J.—This is an appeal from a judgment recovered by appellee, against appellant, for damages sustained by appellee, because of personal injuries which she suffered as a result of an automobile collision, which occurred between an automobile owned and operated by appellant, in which appellee was riding at the time as appellant's guest, and an automobile owned and operated by one Homer Bloxson. The collision occurred within the corporate limits of the city of Wabash, Indiana.

The cause of action was predicated upon a violation of Sec. 47-1021 Burns 1933, Sec. 11170 Baldwin's Ind. St. 1934, which reads as follows: "No person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator, for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his reckless

disregard of the rights of others." The allegations of the complaint confine the cause of the accident resulting in the injuries sustained by appellee to the operation of appellant's automobile by him in "reckless disregard of the rights of others."

A demurrer for insufficiency of facts was addressed to the complaint and overruled. The issues were closed by a general denial. Upon these issues the cause was tried to a jury, which returned a verdict in favor of appellee on which judgment was rendered as heretofore stated. Appellant filed a motion for a new trial which was overruled. The errors assigned as causes for reversal are error in overruling appellant's demurrer to appellee's amended complaint, and in overruling his motion for a new trial.

Appellee challenges the sufficiency of appellant's brief to present any question for our consideration, because of his failure to comply with the rules of this court. It is true that the order in which the questions are presented under "Propositions, Points and Authorities" is a little difficult to follow; we feel however that appellant has made a good faith effort to comply with the rules of this court and will consider such questions as have not been waived upon their merits.

The appellant has failed to present any proposition, point or authority in support of his first assignment of error questioning the action of the court in overruling his demurrer to the amended complaint, so that alleged error is waived.

We will consider the separate causes for a new trial in the order in which they are presented in appellant's brief.

Appellant first complains of instruction No. 5½, given to the jury at the request of appellee. This instruction informed the jury in substance, that if it found from the evidence that appellant operated his automobile in reckless disregard of the rights of others as alleged in the amended complaint, and that such operation proximately contributed to ap-

pellees' injuries, and that Bloxson negligently operated his automobile in such a manner that such operation also proximately contributed to appellees' injuries, that the negligence of Bloxson would not relieve appellant from liability for the injuries suffered by appellee. It is the law in this state, that, "Where an injury is caused by the concurrent negligent acts of two parties, the injured person may recover from one or both, and neither can successfully interpose as a defense the fact that the concurrent negligence of the other contributed to the injury." *Indian Refining Co.* v. *Summerland* (1930), 92 Ind. App. 429, 173 N. E. 269 (transfer to Supreme Court denied May 1, 1931). *Heerdink* v. *Kohmescher* (1931), 94 Ind. App. 296, 180 N. E. 693. No good reason occurs to us why the same rule should not apply to the facts in the instant case. Evidence was permitted to go to the jury for its consideration relating to the conduct of Bloxson in the operation of his automobile just previous to and at the time of the collision. This instruction was applicable to the evidence before the jury and was properly given.

Appellant next complains of the refusal of the court to give to the jury instruction No. 27, tendered by him. By this instruction the appellant sought to have the court give to the jury as applicable to a determination of the rights of the parties a rule of law which was a substantial antithesis of the rule stated in instruction No. 5½, given to the jury at the request of appellee and heretofore considered. Instruction No. 27 was not a correct statement of the law and the court properly refused to give it to the jury.

Appellant next complains of instruction No. 5, tendered by appellee and given to the jury. By this instruction the court explained to the jury the meaning of the phrase "reckless disregard of the rights of others" as used in the guest statute, and informed the jury that if it found from the evidence

that the appellant operated his automobile in "reckless disregard of the rights of others" as thus explained to them and that such operation was the proximate cause of appellees' injuries as alleged in the amended complaint, that she would be entitled to a verdict. This instruction followed very closely the rule announced in the late case of *Coconower* v. *Stoddard* (1932), 96 Ind. App. 287, 182 N. E. 466 (transfer to the Supreme Court denied March 29, 1933) ; see also *Armstrong* v. *Binzer* (1936), 102 Ind. App. 497, 199 N. E. 863. Appellant's chief objection to this instruction is that it did not limit the jury to a consideration of appellant's conduct as alleged in the complaint that the only allegation of recklessness was the speed at which appellant was operating his automobile. In instruction No. 12, given to the jury at the request of the appellant, it was informed that: "Proof of any other acts, other than said speed, cannot be considered by you in this case, for the purpose of establishing reckless disregard of the rights of others by the defendant and unless she has proven by fair preponderance of the evidence that the defendant, at the time of the accident, was operating his automobile at such a speed as constituted a reckless disregard of the rights of others, she has failed to establish any actionable conduct on the part of the defendant and your verdict should be for the defendant." When instruction No. 5, given at the request of appellee, and instruction No. 12, given at the request of appellant, are considered together, as they must be, the appellant's criticism of said instruction No. 5 is without merit.

Appellant next complains of the action of the court in giving to the jury instruction No. 8, tendered by the appellee and its refusal to give instructions Nos. 10 and 11, tendered by appellant. We will consider these instructions later in this opinion.

Appellant next complains of the action of the court

in giving to the jury instructions Nos. 2 and 10, tendered by the appellee. By instruction No. 2, the jury was informed in substance that it had the exclusive right to determine the weight of the evidence and what facts had or had not been proved and what inferences and conclusions might be drawn therefrom, but that it was the province of the court to instruct it as to the law by which the jury must be governed in arriving at a verdict. Instruction No. 10 related to the measure of damages. While these instructions are not as complete and concise as they might have been, we do not think they misled the jury or that the substantial rights of the appellant were prejudiced by reason of their having been given to the jury. But the error, if any, in giving said instruction No. 10 is waived, for while appellant alleged as one of his causes for a new trial, the excessive amount of the damages as fixed in the verdict, he has failed to present the same in his brief as one of the errors committed by the trial court in overruling his motion for a new trial. *Indianapolis, etc., Co.* v. *Sample* (1914), 58 Ind. App. 461, 108 N. E. 400.

Appellant next complains of the action of the court in refusing to give to the jury instruction No. 17, tendered by him. By this instruction appellant sought to have the jury instructed that even though it might find from the evidence that he was operating his automobile in reckless disregard of the rights of other persons, still if it further found from the evidence that the manner in which Bloxson operated his automobile was the sole proximate cause of the collision causing appellees' injuries, that under such circumstances its verdict should be for the appellant. The same rules of law contained in said instruction No. 17 were included in instructions Nos. 14, 15, and 24, given to the jury at

the request of appellant, so this action of the court was not erroneous.

Appellant complains of the refusal of the court to give to the jury instructions Nos. 6 and 19, tendered by him. These two instructions explained the meaning of the phrase "reckless disregard of the rights of others," and were covered in substance by instruction No. 5, given to the jury at the request of appellee, and heretofore considered in this opinion. It was not error to refuse to give these two instructions.

Appellant complains of the action of the court in refusing to give to the jury instruction No. 1, tendered by him. This was a peremptory instruction which would have required the jury to return a verdict in favor of the appellant. The evidence was conflicting on that phase of the case relating to appellant's operation of his automobile in reckless disregard of the rights of others and was properly submitted to the jury for its consideration. The instruction was properly refused. *Coconower* v. *Stoddard, supra; Armstrong* v. *Binzer, supra.*

We will now revert to a discussion of instruction No. 8, given to the jury at the request of appellee, and instructions Nos. 10 and 11, which the court refused to give at the request of appellant. Said instruction No. 8, of which appellant complains, reads as follows: "I charge you that under the law of the State of Indiana no person shall drive or operate a motor vehicle upon a public highway in this state at a speed greater than is reasonable or prudent having regard to the width of the highway, the density of the traffic, the condition of the weather and the use of the highway, or so as to endanger the life or limb or injure the property of any person, and if the rate of speed of any motor vehicle driven or operated upon any public highway in this state, where such highway passes

through the residence portion of any city, town or village, exceed thirty miles per hour, such rate of speed shall be prima facie evidence that the person driving or operating said motor vehicle is running at a rate of speed which is greater than is reasonable and prudent; and I further charge you that if said defendant was at the time and place named in the complaint driving his automobile upon a public highway in the city of Wabash, Indiana, where said highway passes through the residence portion of said city at a speed which was greater than is reasonable and prudent, you may take such fact into consideration in determining whether or not he acted with a reckless disregard of the rights of others, including this plaintiff, Thelma Taggart. And if you find such reckless disregard of the rights of others, if any, was the proximate cause of plaintiff's injuries herein, then your verdict should be for the plaintiff."

The instruction contains a substantial repetition of a portion of the provisions of Sec. 47-516 Burns 1933, §11169 Baldwin's Ind. St. 1934. The criticism which appellant directs against this instruction is that the court told the jury that if it found from the evidence that the appellant was operating his automobile in violation of the provisions of said section of the statute, supra, it could consider such fact in determining whether or not he was operating his automobile in reckless disregard of the right of others. From all the evidence in the case, that most favorable to the appellant was to the effect that immediately preceding and at the time of the collision he was operating his automobile at a speed of between thirty-five and forty miles per hour which was in violation of the plain terms of said statute and was prima facie evidence that he was driving or operating his automobile at a rate of speed greater than was reasonable and prudent. We think that under the issues tendered and the evidence submitted in proof

thereof, that for the purpose of determining whether the appellant was operating his automobile in reckless disregard of the rights of others, it was permissible for the jury under proper instructions to take into consideration the fact whether or not appellant was operating his automobile in violation of the speed laws of the State of Indiana pertaining thereto, in connection with any other evidence submitted to the jury on that phase of the case. *Armstrong* v. *Binzer, supra.* The appellant further insisted in oral argument that this instruction was peremptory in character and that for that reason it was error for the court to give it to the jury, because it lacked one of the material facts essential to a recovery necessary to be proved and for the jury to find in order to entitle the appellee to a recovery. This criticism is not without merit, but it does not necessarily follow that the judgment should be reversed because of the alleged error contained in the instruction. It has long been a rule of law in this state, affirmed by many decisions of our Supreme Court and this court, that a judgment will not be reversed if.it appears from the record that the merits of the cause have been fairly tried and determined. Among the many cases where this rule has been announced and adhered to are: *Morningstar* v. *Cunningham* (1886), 110 Ind. 328, 11 N. E. 593; *State ex rel.* v. *Ruhlman* (1886), 111 Ind. 17, 11 N. E. 793; *Indianapolis, etc., Co.* v. *Schonberg* (1904), 164 Ind. 111, 72 N. E. 1041; *Stanley* v. *Dunn* (1896), 143 Ind. 495, 42 N. E. 908; *City of Decatur* v. *Eady* (1916), 186 Ind. 205, 115 N. E. 577; *Mishler* v. *Chicago, etc., Co.* (1918), 188 Ind. 189, 122 N. E. 657; *Staments* v. *Wilson* (1929), 89 Ind. App. 403, 164 N. E. 300. In the case of *Mishler* v. *Chicago, etc., Co., supra,* Townsend, J., speaking for the court, very aptly said (p. 195) : "The verbal niceties and fine distinctions which analytical minds are capable of making in the use of words are not

to be invoked to hamper trial courts, and to work reversals in this court, when it is plain that a man of ordinary understanding would not be misled." Sec. 2-3231 Burns 1933, Sec. 505 Baldwin's Ind. St. 1934, provides that no judgment shall "be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the lower court." One of the essential elements which appellant insists it was necessary for the jury to find in order to entitle appellee to a verdict at its hands, was the fact that appellee suffered injuries resulting in her damage. "When a mandatory instruction is given, which instruction entirely omits some essential element of recovery, and which omitted element is a *controverted question of fact*, such error can only be cured by the withdrawal of the instruction so given." *Covert* v. *Boicourt* (1931), 93 Ind. App. 355, 168 N. E. 198 (transfer to Supreme Court denied November 24, 1931). In the instant case the essential element omitted from the instruction was not a controverted question of fact. The evidence was uncontradicted, that the appellee had sustained serious permanent bodily injuries, resulting in damages. *Milhollin* v. *Adams* (1917), 66 Ind. App. 376, 115 N. E. 803; *City of Union City* v. *Fisher* (1930), 91 Ind. App. 672, 173 N. E. 330. The giving of appellee's instruction No. 8 was not prejudicial to the substantial rights of appellant, and the giving of it was not reversible error.

We have examined instructions Nos. 10 and 11, tendered by the appellant, which the court refused to give to the jury. In view of all the other instructions given to the jury it was not error for the court to refuse to give these two instructions.

Finally the appellant says that the verdict of the jury is not sustained by sufficient evidence and is con-

trary to law. We will as briefly as possible summarize the evidence. It is not disputed that appellee was riding in appellant's automobile, as his guest, without payment for such transportation; that appellant's automobile was in collision with an automobile driven by one Homer Bloxson, which collision occurred at the intersection of Manchester Avenue and Superior Street within the residential portion of the corporate limits of the city of Wabash, Indiana; that as a result of said collision appellee sustained a deep gash two inches long above the eye and at the side of the nose, her eye was injured, this injury left a permanent scar, both knees were injured, the right knee joint developed synovitis, which is a painful and permanent condition; at the time this cause was tried resulting in the judgment from which this appeal was taken, appellee was twenty-three years of age; Manchester Avenue was a paved street thirty-two feet in width from curb to curb with a street car track running along the center thereof; the collision occurred at about ten thirty o'clock at night; there was a street light burning at the intersection at the time; Homer Bloxson was driving his automobile north on the east side of Manchester Avenue at a speed of between twenty and twenty-five miles per hour, as he approached Superior Street he slowed the speed of his automobile down to about four miles per hour, and turned to the left across Manchester Avenue into Superior Street; appellant was driving his automobile south on the west side of Manchester Avenue; the front end of his automobile struck the right rear wheel and corner of the Bloxson automobile, which automobile at the time of the impact was located somewhere between the west rail of the street car track and the west curb line of Manchester Avenue, and north of the center line of Superior Street extended, which street was thirty feet wide from curb to curb; as a result of

the impact the Bloxson automobile was thrown up onto the curb at the southwest corner of the street intersection and overturned; Bloxson was thrown from his automobile onto Manchester Avenue sustaining injuries resulting in his death; appellant's automobile turned sideways, skidded south on Manchester Avenue a distance of ninety feet, and ran up over the east curb of the street between a telephone pole and a tree, where it stopped; the headlights on both of the automobiles were burning at the moment of the impact; appellant had arthritis in his left shoulder and carried his left arm in a sling a part of the time to rest it. There was evidence from which the jury could find that the appellant saw the Bloxson automobile coming north on Manchester Avenue about 200 feet south of the place of the collision; that as he approached the city of Wabash and continuously from that time until the collision took place he had his left arm in the sling; that as appellant neared the city limits appellee asked him how fast he was driving, and appellant replied that he was going at the rate of sixty miles per hour, whereupon appellee asked that he slacken his speed, but appellant refused to comply with her request and at the time of the collision his automobile was traveling at the rate of sixty miles per hour.

That we may have a more impressive comprehension of what a speed of sixty miles per hour means, let us reduce it to feet and seconds. When so reduced, it means that there was evidence from which the jury could find that at the time of the collision the appellant was driving his automobile along a residential street in the city of Wabash, in the night time, at the rate of 88 feet per second.

The evidence was sufficient to sustain the verdict, and it was not contrary to law.

Finding no reversible error the judgment is affirmed.