THE DALLAS CITY RAILROAD COMPANY v. J. E. BEEMAN AND WIFE.

No. 6336.

1.  **Liability for Death Caused by Servant.**—Under the statutes as they were in 1884 a railway company was not liable in damages for the death of a person killed on its track unless it was shown by the evidence that the death was caused by the negligence or carelessness of the proprietor, owner, charterer, or hirer of the road, or by the unfitness, gross negligence, or carelessness of its servants or agents.

2.  **Unfitness of Employe.**—Such unfitness is not shown by proof of a single exceptional act of such employe.

3.  **Gross Negligence** is defined to be that entire want of care which would raise a presumption of a conscious indifference to consequences.   And negligence can not be considered gross, unless evidenced by an entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that the person on whom care was incumbent was indifferent to the interest and welfare of others.

4.  **Same.**—See facts held insufficient to support a verdict which required evidence of gross negligence to support it.

APPEAL from Dallas.   Tried below before Hon. A. S. Lathrop.
The opinion states the case.

*Leake & Henry*, for appellant.—A street railroad company is not liable in damages for the death of a person killed on its track, and a judgment against it can not stand unless the proof shows that such death was "caused by the negligence or carelessness of the proprietor, owner, char-

terer, or hirer of such railroad,   *   *   *   or by the unfitness, gross negligence, or carelessness of their servants or agents." Rev. Stats., art. 2899; Cotton Press Co. v. Bradley, 52 Texas, 587; I. & G. N. Ry. Co. v. Cocke, 64 Texas, 156; H. & T. C. Ry. Co. v. Cowser, 57 Texas, 305; H. & T. C. Ry. Co. v. Myers, 55 Texas, 115; Whart. on Neg., sec. 238.

*R. E. Burke* and *Watts & Word*, for appellees.—Where the driver did see or could have seen the child on or near the track a considerable distance ahead of him he had no right to presume that the child would get out of the way, and it was his duty to keep a strict look out till after he had passed the child. The child was four years and two days old. The right of way was used as a thoroughfare from Elm to Main Street by footmen, horsemen, and vehicles. The child could have been seen over 200 feet before the car struck him. Railway Co. v. Hewitt, 67 Texas, 473-75.

ACKER, PRESIDING JUDGE.—J. E. Beeman and wife brought this suit to recover damages for the loss of their infant son Fred Ernest Beeman, who was killed by being run over by one of appellant's cars on the 16th day of December, 1884. It was alleged that the death of the child resulted from the incompetency and gross and willful negligence and recklessness of the driver in charge of the car.

Appellant answered by general denial, and specially that the child lost its life by reason of its own thoughtless, negligent act in attempting to cross the track just in front of the car while it was being carefully driven on defendant's own exclusive soil and premises.

The jury returned a verdict in favor of plaintiffs for $1750, and judgment was rendered accordingly.

Appellant contends that "the verdict of the jury is not only unsupported by the evidence, but is in direct conflict with all the evidence in the case in this, that there was no evidence showing the unfitness of defendant's servant, the car driver, but all the evidence showed him to be a fit, competent, careful, and prudent driver; and in this, that there was no evidence showing that plaintiff's child was killed by or through the gross negligence or carelessness or any degree of negligence or carelessness on the part of defendant's servant, the car driver, but the uncontradicted evidence showed that the child's death resulted from its running upon the car track just in front of the mules, and that the car driver did every thing in his power to avert the accident, but was unable to control the mules, which had become frightened by the acts and shouts of children on the side of the track to such a degree that they pulled the car ten feet or more while the wheels were locked and every effort being made with the lines to stop them."

The foregoing is the first assignment of error, and presents the only question in the case.

Under the law as it stood at the time of this accident a railroad company is not liable in damages for the death of a person killed on its track, unless it is shown by the evidence that the death was caused by the negligence or carelessness of the proprietor, owner, charterer, or hirer of such road, or by the unfitness, gross negligence, or carelessness of their servants or agents. Rev. Stats., art. 2899; Railway Co. v. Cowser, 57 Texas, 305.

It is not claimed that the death was caused by negligence or carelessness of the proprietor, owner, charterer, or hirer of the road, and if the judgment is sustained it must be because there was evidence tending to show that the death was caused by the "unfitness, gross negligence, or carelessness" of appellant's servant.

We have read the statement of facts carefully, and the only evidence tending in any degree to show the unfitness of the servant was the statement of the witness Barber that on the day before the accident he saw the driver Cason and one Thomas "playing or picking at each other on the front platform of the car, whereby the driver's attention was diverted from the team." Cason contradicted this statement and testified that he had not seen Thomas for three months before the day of the accident. If Barber's statement was uncontradicted, would the facts stated be sufficient to sustain the charge of unfitness of the servant? On this subject Mr. Wharton in his work on Negligence, section 238, says: "If single exceptional acts of negligence should prove an officer to be incompetent no officer could be retained in service, for there is no person who is not at some time to some degree negligent." The doctrine here announced was approved by this court in the case of Railway Company v. Myers, 55 Texas, 115.

The next inquiry is, does the evidence show that the death of the child was caused by the gross negligence of appellant's servant, as that degree of negligence has been defined by the decisions of this court?

The servant testified that the child was killed on appellant's track about seventy or eighty feet east of a bridge; that the car was going east, and he noticed the deceased and two or three other children running across the track when he was crossing the bridge; that he put on the brake and slacked his speed when he saw the children, and drove in a walk until he came about opposite them, the deceased being then on the right of the track and the other children on the left of the track opposite him; that the children threw up their hands and began hallooing, and the mules pulling the car became frightened and started to run, one mule pushing against the other; that just as the mules started to running the deceased jumped up and stepped upon the track very quick about four feet in front of the mules, and when about the middle of the track

he fell, or the mules hit him and knocked him down, his body just outside the north rail and his leg over the rail on the inside of the track, and the wheels struck him in that position; that his hand was on the brake when he saw the deceased start across the track, and he put on the brake and locked wheels before he fell; that his attention was fixed on the mules when they started running, and he was doing all he could to stop the car; that he was traveling in a walk when the children hallooed and frightened the mules, and he did all he could by pulling on the lines and locking the wheels to stop the car and save the child.

The only other witness who testified to having seen any part of the accident corroborates the servant as to the mules running and the servant's efforts to stop the car, and does not contradict him in any material part of his testimony.

Gross negligence is defined to be "that entire want of care which would raise a presumption of a conscious indifference to consequences." Cotton Press Co. v. Bradley, 52 Texas, 600. And again it is said, "negligence can not be considered 'gross' unless evidenced by an entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that the person on whom care was incumbent was indifferent to the interest and welfare of others." Railway Co. v. Cocke, 64 Texas, 156.

We think the evidence fails to show that appellant's servant was guilty of gross negligence, and we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 11, 1889.