JOHN AND ANNA BRANDSOY v. A. BROMELAND.[1]

April 26, 1929.

Nos. 27,186, 27,187, 27,188.

[1]Reported in 225 N. W. 162.

*Frundt & Morse,* for appellant.
*Putnam & Carlson,* for respondents.

TAYLOR, C.

These three actions were tried together, and the jury returned verdicts for each of the plaintiffs. Defendant appealed in each case from an order denying his alternative motion for judgment non obstante or for a new trial.

Defendant with his wife and daughter had attended the funeral of a relative in Illinois in August, 1927, and were returning to Minnesota in his automobile driven by himself. His wife's sister, Anna Brandsoy, and her minor daughter, Ruth Brandsoy, were riding with them as invited guests. As they were entering the city of Waterloo, Iowa, the automobile was struck by an interurban train at a railroad crossing, and both Mrs. Brandsoy and her daughter were injured. Two of the actions are to recover for the personal injuries; the third is to recover for the expense and loss resulting to the husband and father.

The Iowa statute, § 5026, Code of 1924, provided:

"In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

By. c. 119 of the laws of Iowa enacted in March, 1927, the above statute was amended by adding thereto the following: ,

"Provided, however, the owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

The Iowa court has construed § 5026, Code of 1924, as enlarging the common law liability of the owner of an automobile by making him liable for damages in all cases in which the car is driven by his consent and damages result from the negligence of the driver. Maine v. James Maine & Sons Co. 198 Iowa, 1278, 201 N. W. 20, 37 A. L. R. 161. But, so far as we are aware, that court has not yet construed the provision added to that act by the amendment of 1927. Defendant contends that the amendment relieving the owner or operator of a car from liability for injuries to gratuitous passengers unless such injuries are caused by "reckless operation" of the car relieves them from liability in all cases in which the injuries are caused by the negligence of the driver; that the term "reckless operation" as there used means some wilful or intentional act—conduct such as this court has characterized as wilful and wanton negligence.

In 34 Cyc. 533, the following meanings of the term "reckless" are deduced or quoted from the cases cited:

"Heedless, careless, rash, indifferent to consequences; not recking of consequences; desperately heedless, as from folly, passion, or perversity, impetuosity, or rashly adventurous; rashly or indifferently negligent; careless, heedless; mindless; rashly negligent; utterly .careless or heedless."

The Standard Dictionary defines "reckless" as:

"1. Destitute of heed or concern for consequences; especially foolishly heedless of danger; headlong; rash; desperate.

"2. Not caring or noting; neglectful; indifferent."

Webster's Dictionary defines it as:

"1. Inattentive to duty; neglectful; indifferent. Obs.

"2. Rashly negligent; utterly careless or heedless."

None of the above definitions go to the extent of making wilful, intentional or wanton acts a necessary element of "recklessness." While the expression "reckless operation" as used in the statute doubtless means something more than the mere failure to exercise the care of a reasonably prudent person, we think it cannot be construed as meaning only wilful or intentional acts. We think it was the legislative intention to include conduct evincing an indifference to or heedless disregard of obvious duty and of probable consequences and dangers.

The jury by their verdict found that the accident occurred "because of the reckless operation" of the automobile by defendant, and the important question is whether this finding is sustained by the evidence. Defendant was driving along a level, paved road. About 500 feet from the crossing there was a warning sign, R. R. Crossing. About 300 feet from the crossing there was another warning sign, Railroad Crossing 300 feet. On each side of the track at the crossing there was the usual cross-arm sign. Suspended over the crossing there was a red light sign. Defendant did not notice either of the warning signs as he passed them; did not notice the approaching train nor the sign above the track; and did not notice the cross-arms until within 20 or 30 feet of the track. He did not discover that he was approaching a crossing until he saw the cross-arms. On seeing the cross-arms he looked first to the left and saw nothing, then to the right and saw an electric train almost upon him. His front wheels were then at the track and he tried to spurt across, but the train struck the rear part of the car. We think that the evidence was sufficient to make the question whether he was operating his car in a reckless manner a question for the jury. Smith v. Clemmons, 216 Ala. 52, 112 So. 442; Silver v. Silver, 108 Conn. 371, 143 A. 240.

Defendant's requested instruction, to the effect that in order to find defendant liable the jury must find that he had intentionally

failed to perform a plain and manifest duty toward his guests, was correctly refused.

Defendant complains of the explanation of the term "reckless" given by the court. The court impressed upon the jury that the principal question for them to determine was whether defendant was operating his car in a reckless manner at the time of the accident; and instructed them that in order to find for plaintiffs they must find that defendant operated his car in a reckless manner and that his recklessness was the cause of the injuries. The court also gave several of the common definitions of recklessness and then said:

"The word 'reckless' or 'recklessness' has a wide range of meaning. In its milder sense it may imply mere inattention to duty, thoughtlessness, indifference, carelessness or negligence, or it may import a heedless disregard of obvious consequences."

The complaint is that the court failed to state that the word, as used to define the conditions under which defendant would be liable, was not to be taken in its milder sense. The word is one in common use, and we doubt whether the definitions will convey to a jury any clearer or more definite meaning than the word itself. The dispute at the trial was whether it meant only a wilful and intentional disregard of an obvious duty, as claimed by defendant; or whether it was broad enough to include a heedless disregard of obvious danger, as claimed by plaintiffs. If defendant feared that the jury might understand from the remark of the court that the word imported no more than mere negligence, he should have called attention to it at the time.

Defendant also complains of the ruling excluding the Iowa statute requiring trains to blow a whistle and ring a bell at crossings. The evidence shows that these signals were not given. But whether the railway company was negligent is not involved in this action. The question here is whether defendant was guilty of recklessness in driving his car without paying any attention to obvious danger. We see no reversible error in the ruling.

We find no other questions requiring special mention, and the several orders are affirmed.