## ZELDA MARQUART v. KARL MEYER.[1]

November 21, 1930.

No. 28,115.

*Weikert, Lohmann & Felhaber,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre* and *Tracy J. Peycke,* for respondent.

DIBELL, J.

Action to recover damages sustained by the plaintiff, a guest of the defendant in his automobile. There was a verdict directed for the defendant, and the plaintiff appeals from the order denying her motion for a new trial.

On June 16, 1929, along in the evening, the defendant was traveling westerly on a highway in Iowa 15 miles from Sioux City. The plaintiff and two others were his guests. They had left Minneapolis in the morning. It had been raining throughout the day. Toward evening they ran into a stretch of water on the road. The engine was killed and the auto stopped, and the water began to rise. They got out of the auto. At this time they were inconvenienced but not injured. For many minutes they could have gone. There was a pronounced storm and lightning, a flood or stream passed over the road, and the plaintiff and some of the others were carried into or with it and against a wire fence where they were caught and considerably injured. The particulars are not given definitely. Only those who were with the auto testified

[1]Reported in 233 N. W. 309.

as to conditions, and they were not closely acquainted with the surroundings.

The statute in force in Iowa provides:

"The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle." Code of Iowa, 1927, § 5026-b1.

We do not find this statute construed in Iowa. It is alleged in the answer. It was construed in Brandsoy v. Bromeland, 177 Minn. 298, 225 N. W. 162, where the question of meaning of recklessness was discussed. The party was a quiet one on a serious purpose. There was no inattention to duty nor a reckless disregard for safety. They may have been going rapidly, for they wanted to get along, and they stopped in a place of safety and could get out of the auto and did get out. The onslaught of waters and the storm brought them trouble. If the storm had cleared when they stopped no harm would have come. No ill consequences resulted until the flood and storm did the injury. It is unnecessary to discuss the various possible meanings of reckless operation. It is best considered with a concrete case before us, and that which we now have would not permit a recovery.

Order affirmed.