Argued April 4; reversed April 24, 1934

MONNER *v.* STARKER

(31 P. (2d) 1109)

*Robin D. Day,* of Salem (Brazier C. Small, of Salem, on the brief), for appellant.

*Rollin K. Page,* of Salem, and *Frank S. Senn,* of Portland (Page & Page, of Salem, and Senn & Recken, of Portland, on the brief), for respondent.

RAND, C. J.   This is an action to recover for injuries sustained by plaintiff, a minor, while riding as a guest in an automobile driven and owned by the defendant. The case is here upon an appeal from an order sustaining defendant's motion for involuntary nonsuit. The correctness of that ruling is the sole question for decision.

The accident happened about midnight on February 13, 1932, on South Commercial street in the city of Salem. The automobile was traveling north and on a down grade at the time of the accident. There were two other occupants in the car besides plaintiff and the defendant, plaintiff's sister and one Paul Boynton, all of whom were seriously injured and plaintiff's sister died at the scene of the accident.

The evidence was conflicting as to the speed of the car at the time of the accident. Some of the witnesses testified that the car was traveling at the rate of 35 miles an hour, while another eyewitness, who was not an occupant of the car, testified that the car was traveling between 50 and 65 miles an hour. The street upon which the accident occurred is a part of the Pacific Highway over which a large volume of traffic passes. The evidence tended to show that the defendant, while attempting to pass another car, applied his brakes, causing his automobile to skid for a distance of 147 feet, where it struck the curbing with sufficient force to break it, and the car then swerved and skidded for a distance of 108 feet to the opposite side of the street, where it then turned over. The evidence tended to show that the car was new and that the defendant was an experienced driver and that he did not have his car under control.

■ Under these circumstances, we think that the case presented a question of fact for the jury and that it

was error for the court to grant the motion for an involuntary nonsuit.

Section 55-1209, Oregon Code 1930, provides:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others."

■ Under this section, the owner or operator of a motor vehicle is liable for an injury to a guest only when caused intentionally, or by his gross negligence or intoxication or his reckless disregard of the rights of others. There was no allegation or proof that the accident was caused intentionally or that the defendant was intoxicated at the time, but it is alleged that it was caused by his negligence and reckless disregard of the rights of the plaintiff.

■ Ordinarily, the question of the degree of negligence of the defendant is of no importance where it has been shown that his negligence was the proximate cause of plaintiff's injury. However, in an action brought under this statute by a guest who sustained an injury while riding in an automobile through the wilful act or omission of its owner or operator, the statute limits his right to recover upon one or more of the four grounds specified in the statute, and, where the right to recover is based upon negligence, the degree of the negligence then becomes important because, under this statute, ordinarily negligence is not sufficient to entitle a guest to recover. The statute itself makes the distinction and bases the right to recover only where

the negligence causing the injury amounts to gross negligence.

There is always difficulty in defining what gross negligence is but, as said by an English court, it is a mistake to suppose that things are not different because a strict line of demarcation cannot be drawn between them. In numerous cases this court has discussed the meaning of the term ''gross negligence'' as used in the statute. See *Gill v. Selling,* 125 Or. 587 (267 P. 812, 58 A. L. R. 1556); *Storla v. S. P. & S. Tr. Co.,* 136 Or. 315 (297 P. 367, 298 P. 1065); *Rauch v. Stecklein,* 142 Or. 286 (20 P. (2d) 387); *Smith v. Laflar,* 143 Or. 65 (20 P. (2d) 391); *Hartley v. Berg,* 145 Or. 44 (25 P. (2d) 932); *Younger v. Gallagher,* 145 Or. 63 (26 P. (2d) 783). Perhaps the most valuable discussion of gross negligence is to be found in *Rauch v. Stecklein,* supra, where Mr. Justice Rossman, speaking for the court, said:

''Thus, gross negligence is conduct which indicates an indifference to the probable consequences of the act. A motor-host who drives in a manner which indicates that he has no concern for consequences and an indifference to the rights of others is said to be guilty of gross negligence. The injury which he inflicts is not entirely inadvertent. His mental qualities, therefore, differ from those of another who is guilty of only ordinary negligence. The condition of mind of the driver who plunges on ahead, grossly negligent of the rights of others, may not be such that we can say that his tortious acts are wilful or wanton, but his mind is at least indifferent to the rights of others or displays those rash qualities exhibited by the foolhardy.''

■ From those decisions, we think that gross negligence as used in this statute means greater negligence than the absence of that ordinary care which, under the circumstances, a prudent man ought to have taken. It is such a degree of negligence as excludes the lowest

degree of care and implies a disregard of consequences or a willingness to inflict injury, or, as it has been otherwise defined, it is the intentional failure to perform a manifest duty in reckless or thoughtless disregard of the consequences as affecting the life or property of another. It is such a gross want of care and regard for the rights of others as to justify the presumption of wilfulness or wantonness.

From the evidence offered in the case, the jury might have found that the defendant was driving on a down-grade over a much traveled highway at an excessive rate of speed without having any control whatever over his car and that his conduct evidenced a reckless and thoughtless disregard of the lives and safety of the occupants of the car amounting to wilfulness and wantonness upon his part. The uncontradicted fact that, when he attempted to check the speed of his car, the skid marks were observable for a distance of nearly a city block and that, having so skidded 147 feet, he struck the curbing with sufficient force to break a hole in it and then skidded an additional 108 feet to a point where the car turned over, tended to show that the defendant must have been driving at an excessive rate of speed and without any regard for his own safety or that of others who were depending upon his care and protection. There is a certain degree of negligence to which every one attaches great blame and it is entirely possible that the jury might have found that this case was of that kind.

Under these facts, we think it was error for the court to withdraw the case from the consideration of the jury. For these reasons the judgment will be reversed and the cause will be remanded for a new trial, and it is so ordered.

BEAN, CAMPBELL and BAILEY, JJ., concur.