### NAPIER v. MOONEYHAM et al.

### No. 1548.

Court of Civil Appeals of Texas. Eastland.

April 24, 1936.

Rehearing Denied May 22, 1936.

Touchstone, Wight, Gormley & Price, of Dallas, and D. T. Bowles, of Breckenridge, for appellant.

L. H. Welch and Frank S. Roberts, both of Breckenridge, for appellees.

FUNDERBURK, Justice.

Agnes Mooneyham, a minor, by next friend Mrs. Alene Callaway, and Alene Callaway for herself, sued J. R. Napier to recover damages for personal injuries to said Agnes Mooneyham, resulting from an au-

tomobile wreck. Plaintiffs' petition alleged that Agnes Mooneyham was, at the time, a guest of the defendant, and that she received her injuries as the proximate result of negligence on the part of defendant occurring in several specified ways. Plaintiffs filed a trial amendment supplementing the allegations of their petition by averments to the effect that at the time of the collision the "defendant was driving his said automobile with heedlessness and in total and reckless disregard of the rights of the plaintiff Agnes Mooneyham in that," (1) "defendant was then and there driving said automobile at a rate of speed in excess of the rate allowed by law and was then and there heedlessly and recklessly driving said automobile at a rate of speed in excess of 60 miles per hour," and (2) "he failed then and there to exercise proper control while driving said automobile so as to avoid the collision of his automobile with the concrete bridge on said highway." These allegations in the trial amendment were followed by others to the effect that such acts and omissions constituted negligence and were the proximate cause of the injuries described in the petition.

The defendant, in addition to exceptions —general and special—and a general denial, pleaded in substance: First, that Agnes Mooneyham participated in the same acts and conduct along with the defendant, which participation caused or contributed to cause said injuries; and, second, that said injuries were caused, or contributed to, by her own negligent acts, "in that the plaintiff Agnes Mooneyham wholly failed to exercise any care for her own safety and in that the plaintiff Agnes Mooneyham failed to exercise ordinary care for her own safety." As an alternative, unavoidable accident was pleaded.

The jury, in response to a submission of the case on special issues, returned a verdict finding all issues in favor of the plaintiffs. From the judgment for plaintiffs in accordance with the verdict, the defendant has appealed.

It is first insisted that the court erred in refusing to instruct a verdict for the defendant on the ground that the undisputed evidence conclusively established as a matter of law that Agnes Mooneyham was guilty of contributory negligence. In determining this question, all testimony and all reasonable inferences therefrom showing, or tending to show, that the girl was not guilty of contributory negligence, must be regarded as true. If this be done, we readily reach the conclusion that contributory negligence was not conclusively shown as a matter of law. There was testimony to the effect that the girl did not know before embarking upon the car ride that defendant had any intoxicating liquor, or was under the influence thereof; that she gave him possession of all her money; that before beginning the return trip from Abilene she inquired of his condition to make the trip and suggested that she would go back on the bus; that he refused to let her have her money; and that on the return trip she warned him against driving too fast and requested him to let her drive, which he refused to do. In Wichita Valley R. Co. v. Fite, 78 S.W.(2d) 714, we reached the conclusion, based upon the authorities therein cited, that two propositions relative to contributory negligence are established as follows: (1) Where the undisputed evidence shows the existence of a danger and that the plaintiff, or injured party, had knowledge, or was chargeable with knowledge, of the danger, and exercised no care whatever, there is shown a case of contributory negligence as a matter of law. (2) Where there is evidence showing some care, and the question is one of the sufficiency of the care, a question of fact for the jury is presented. The testimony of Agnes Mooneyham given full credence shows that she exercised a substantial degree of care to avoid danger, which, under the last proposition stated, made the issue of contributory negligence one of fact properly to be determined by the jury.

It is next contended that in view of the testimony of Agnes Mooneyham to the effect that just before the collision the plaintiff appeared to "pass out" or "go to sleep," there was no evidence raising any issue of "heedlessness" or "reckless disregard of the rights of others," and hence the court should have given a peremptory instruction in favor of the defendant. This point presents for the first time in this state, so far as we are aware, a question of the proper interpretation of Vernon's Annotated Civil Statutes, art. 6701b. The provision is: "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heed-

lessness or his reckless disregard of the rights of others." This statute, enacted in 1931, had for its evident purpose the exemption of owners or operators of motor vehicles coming within its provisions from liability for negligence.

We must determine what is meant by the phrase "or caused by his heedlessness or his reckless disregard of the rights of others." If the statute is to have any effect, or scope of operation, whatever in so far as it employs the words last quoted, they must, if susceptible of it, be held to mean something not included in the term "negligence." Absent any knowledge of the source of the statute, we would readily reach the conclusion that the words were intended to connote substantially the same meaning as the term "gross negligence" as the latter term is used in our Constitution and laws. In Missouri Pac. Ry. Co. v. Shuford, 72 Tex. 165, 10 S.W. 408, 411, it was said: "Gross negligence, to be the ground for exemplary damages, should be that *entire want of care* which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." Texas Pacific Coal & Oil Co. v. Robertson (Tex.Sup.) 79 S.W.(2d) 830, 98 A.L.R. 262; Ford v. Magnolia Petroleum Co., 118 Tex. 461, 17 S.W. (2d) 36.

The statute in question received its first interpretation by the Court of Appeals of Tennessee in Fly v. Swink, 17 Tenn.App. 627, 69 S.W.(2d) 902. We are indebted to that court for the information that the statute was adopted bodily from a statute of Connecticut which had been interpreted by the Supreme Court of Errors in that state prior to its enactment in this state.

It is a familiar principle of statutory construction that when a Legislature adopts a statute of another jurisdiction which has a settled construction by the courts of that jurisdiction, it will be presumed, no intention to the contrary appearing, that the Legislature intended that it should have the same construction. 59 C.J. p. 1065; 39 Tex. Jur. p. 264, § 140; Travelers' Ins. Co. v. Marshall, 124 Tex. 45, 76 S.W.(2d) 1007, 96 A.L.R. 802. The construction is adopted the same as the statute.

The Supreme Court of Errors of Connecticut in construing the act has held that the word "heedlessness" should be "heedless," and as an adjective the same as "reckless" modify the word "disregard"; that the connective "or" between "heedlessness" and "his reckless disregard" should be read as "and," so that the entire term would read "or caused by his heedless and his reckless disregard of the rights of others." Silver v. Silver, 108 Conn. 371, 143 A. 240, 241, 65 A.L.R. 943; Bordonaro v. Senk, 109 Conn. 428, 147 A. 136; Berman v. Berman, 110 Conn. 169, 147 A. 568; Meyer v. Hart, 110 Conn. 244, 147 A. 678; Grant v. MacLelland, 109 Conn. 517, 147 A. 138; Upson v. General Baking Co., 113 Conn. 787, 156 A. 858; Schepp v. Trotter, 115 Conn. 183, 160 A. 869; Anderson v. Colucci, 116 Conn. 67, 163 A. 610. The same statute has been adopted in South Carolina, and given substantially the same construction as in Connecticut. Fulghum v. Bleakley, 177 S.C. 286, 181 S.E. 30. Other states have similar, if not identical, statutes and have adopted the construction of the Connecticut courts. See Wion v. Hayes (Iowa) 261 N.W. 531; Coconower v. Stoddard, 96 Ind.App. 287, 182 N.E. 466; Kaplan v. Kaplan, 213 Iowa, 646, 239 N.W. 682; Siesseger v. Puth, 213 Iowa, 164, 239 N.W. 46; Shenkle v. Mains, 216 Iowa, 1324, 247 N.W. 635.

Briefly and in substance, the statute as previously construed by the courts of Connecticut has the general purpose of relieving those to whom it applies from liability for damages to a guest who does not pay for transportation. It takes away any liability for negligence. By two exceptions it preserves from the general exemption from liability two classes of causes of action, namely, those involving, first, willful misconduct, and, second, wanton misconduct. The constructed phrase "or caused by his heedless and his reckless disregard of the rights of others" refers to wanton misconduct. This embodies the same concept we think as that embraced in the foregoing definition of gross negligence. Judge Lattimore, of the Court of Criminal Appeals, well expressed the idea in Wright v. State, 90 Tex.Cr.R. 435, 235 S.W. 886, 887, wherein he said: "In civil cases the courts of this state define it [gross negligence] as such negligence as evinces a reckless disregard of human life or bodily injury, or such conscious indifference to the rights of others as amounts to an intentional violation of them." In McDonald v. International & G. N. Ry. Co. (Tex.Civ.App.) 21 S. W. 774, 775, it is said that "gross negligence" is such that is evidenced by "acts indicating a wanton and reckless disregard for human life and safety of others." In South-

ern ·Cotton Press Co. v. Bradley, 52 Tex. 587, "gross negligence" is described as that "entire want of care which would raise a presumption of a conscious indifference to consequences." In International & G. N. R. Co. v. Cocke, 64 Tex. 151, and in Dallas City Ry. Co. v. Beeman, 74 Tex. 291, 11 S. W. 1102, as also in Robertson v. Magnolia Petroleum Co. (Tex.Civ.App.) 255 S.W. 223, it is declared that "negligence cannot be considered 'gross' unless evidenced by an entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that the person on whom care was incumbent was indifferent to the interest and welfare of others."

█ The immediate question is whether the testimony of Agnes Mooneyham to the effect that just before the collision the defendant seemed to "pass out" or "go to sleep" showed conclusively that the injury was not caused by "his heedless and his reckless disregard for the rights of others" as comprehended in the foregoing interpretation of the statute. We think if the fact of his going to sleep or "passing out" was the only basis for the claim of liability that perhaps the contention would be correct. This would be supported by the decision in Kaplan v. Kaplan, supra. But we think the question of intoxication and other elements enter into consideration. If there were pre-existing facts, as we think there was evidence tending to show, which charged the defendant with the knowledge, or duty to know, that he was likely to "pass out" or "go to sleep," then an issue of fact would be raised. A case in point is Potz v. Williams, 113 Conn. 278, 155 A. 211, 212. In that case the court said: "It is but the plainest common sense to recognize that there are circumstances under which the operation of an automobile upon the highway by one who is or should be aware of the likelihood that sleep will overtake him could reasonably be held to constitute reckless misconduct. * * * Whether in a particular case this is so must depend upon the circumstances, and especially upon the extent to which the driver realizes or ought to realize that there is a likelihood of sleep overtaking him." Upon these considerations we overrule the contention upon this point that the court should have instructed a verdict.

█ It is contended that the court erred in refusing to define the terms "heedlessness" and "in reckless disregard by him of the rights of plaintiffs." The previous discussion will forecast our conclusions with reference to this point. It is very clear that the word "heedlessness" is not used in its ordinary signification which, as pointed out in Silver v. Silver, supra, connotes a lack of care substantially identical with that indicated by the word "negligence." The words "reckless" and "disregard" have ordinary and popular meanings different from the sense in which they are here used. We think there should be no separate definition of the term "heedlessness," but that the entire reconstructed term "his heedless and his reckless disregard" should be treated as a unity, and be so defined as to be exclusive of ordinary negligence and include the essential characteristics of gross negligence. We suggest as a sufficient definition of "his heedless and his reckless disregard" the following: Such an entire want of care (not including, but excluding, ordinary care) sufficient to raise the belief or presumption that the act or omission complained of was the result of conscious indifference to the rights, welfare, or safety of the person or persons to be affected by it.

█ It is also our conclusion that the court erred, as complained of in appellant's fifth and sixth propositions, in so stating the issues calling for findings of heedlessness and reckless disregard, as not to confine consideration to those elements alleged in the pleadings. Special issue No. 2 was: "Do you find from a preponderance of the evidence that at the time of the accident the defendant J. R. Napier was acting with a heedlessness of the rights of the plaintiff?" Special issue No. 5 was: "Do you find from a preponderance of the evidence that at the time of the accident the defendant J. R. Napier was operating said automobile in reckless disregard by him of the rights of plaintiff, Agnes Mooneyham?" According to the pleadings, the heedlessness and reckless disregard complained of consisted of driving at an unlawful rate of speed, and at a speed exceeding 60 miles per hour, and in failing to exercise proper control of the automobile so as to avoid the collision. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ.App.) 280 S.W. 882.

█ We are further of the opinion that error is shown based upon the argument of counsel wherein it was stated to the jury that "plaintiffs' theory of the case is presented in the first seven questions listed as 'special issues' and it is ·the plaintiffs'

theory that you should answer all these questions in the affirmative, and it would not be necessary to answer any of the following questions—It is true the court has submitted other questions being the theory of the defendant." There was no error shown by the record, unless it was one that could not have been cured by an instruction from the court to the jury to disregard the argument. If, however, the argument was improper in that it had the effect of advising the jury of the effect of their answers, we do not believe the harmful effect could be obviated by an instruction not to consider it. It may be granted that the jury was fully aware of the effect of most of their answers, but we do not think it can be said that it affirmatively appears that the jury knew the relation between the first group of seven issues and the group consisting of all the subsequent issues, or knew that the first seven issues had to be answered and all answered in a particular way to authorize recovery under the plaintiffs' theory of the case. So much has been written on this subject that we do not deem it necessary to further extend this opinion by a discussion of the authorities.

In view of another trial it may not be amiss to observe that the pleadings in this case are exceedingly faulty, and raise a question of their sufficiency to have supported a judgment for the plaintiff. The elements introduced by the trial amendment necessary to state any cause of action whatever in view of the allegation that plaintiff was a guest were so alleged as to have the probable effect of narrowing their import to a claim of simple negligence by alleging that the heedlessness and reckless disregard constituted negligence. We deem it advisable to emphasize that no question of negligence is involved in the case. Neither the pleadings of the plaintiffs nor of the defendant alleged as a fact the intoxication of either party. The evidence, not the pleadings, probably raised an issue of whether Agnes Mooneyham was a guest. An action brought under the guest statute should not only allege that the plaintiff was a guest, but, in the terms of the statute, that the plaintiff was being transported "without payment for such transportation." Defendant himself testified in this case that the girl paid for a part of the gasoline. We do not suggest that such, if a fact, prevented her being a guest, but it does suggest a question proper to be kept in mind in redrafting

the pleadings which would seem to be advisable in the light of the conclusions announced herein.

Being of the opinion that reversible error is shown and that the judgment of the court below should be reversed and the cause remanded for another trial, it is accordingly so ordered.