This suit was filed in the Seventy-second district court of Lubbock county by appellants, A. I. Glassman and his wife, Frances Glassman, to recover damages of appellee, Louis Feldman, for personal injuries received by Frances Glassman while a guest passenger in the automobile of appellee. The parties all resided at Lubbock. A brother of Mrs. Feldman was confined in a hospital at Big Spring, and was to be operated on for appendicitis. Mrs. Feldman felt that she should be present, and she and her husband requested appellant Mrs. Glassman to accompany them from Lubbock to Big Spring, which she did. There is no question raised in the record as to her being a guest of the Feldmans. On the return trip on October 17, 1935, as the parties were traveling on highway No. 9, which belts or circles the town of O'Donnell, the car in which they were riding and which was being operated by appellee, Feldman, had a collision at the intersection of a country road crossing highway No. 9. At the point of the collision the curve in highway No. 9 lies in a direction almost northeast and the *Page 722 
intersecting country road comes directly from the west. Mr. Feldman was operating the car at a speed of between 50 and 55 miles per hour, and the car being operated by the other parties coming from the west on the country road was traveling at approximately 45 miles per hour. Mr. Feldman did not see the car approaching on the country road until he was within 50 feet of it, at which time, and judging he could not stop his car before colliding with it, he gave extra speed to his own car in an effort to cross the intersection before the approaching car reached it. The front end of the approaching car struck the Feldman car at the rear, turning it over two or three times and injuring appellant Mrs. Glassman.
The case was tried before a jury, and at the conclusion of the evidence, the trial court instructed the jury to return a verdict for the defendant, which was done, and judgment entered accordingly. From this judgment, appellants have perfected an appeal to this court and the case is presented here upon two assignments of error, each complaining of the action of the court in peremptorily instructing the jury against appellants. They presented and requested the court to give to the jury a special issue reading as follows: "Do you find from the preponderance of the evidence that the defendant, just prior to and at the time of the accident, was operating his car in a reckless disregard of the rights of others?"
The case is controlled by the provisions of article 6701b, Vernon's Ann.Civ.St., and there being no contention that the injury was intentional, it became necessary for appellants to allege and prove that it was caused by the heedlessness of the driver of the car, or by his reckless disregard of the rights of others. Acts 1931, 42d Leg., 379, c. 225, Vernon's Annotated Civil Statutes, art. 6701b, § 1.
The allegations of the petition charged that Feldman was traveling at an illegal, high, dangerous, and excessive rate of speed; that the intersecting road was in plain view and unobstructed, and the driver failed to observe where he was going and failed to keep a proper lookout, in all of which he was guilty of negligence, and negligence was also charged in the attempt to pass the approaching car before it reached the intersection of the roads.
The evidence showed that appellee, Feldman, possibly was operating his car at a greater rate of speed than 45 miles per hour. He testified that he did not see the approaching car, and the directions of the two highways were such as that the car approaching from the west on the country road was to some extent approaching from the rear of the Feldman car. There is no act charged against Feldman at the time of or immediately preceding the accident which would imply negligence other than his speed, his failure to keep a lookout, and when he discovered the approaching car, he was a very short distance from it and immediately gave greater speed to his own car. He testified he did this in an effort to pass the approaching car before it reached the intersection, and the fact that his car was struck at the rear shows there was at least some ground for such an effort.
Mrs. Glassman testified that she did not think Mr. Feldman was driving recklessly, but that he was driving fast. No witness testified to any act on the part of the driver other than that which has been indicated.
In Munves v. Buckley, 70 S.W.2d 605, the Waco Court of Civil Appeals held that the findings of the jury established nothing more than that appellant was operating his car at a rate of speed prohibited by law, and that appellee's injuries resulted therefrom, and they were insufficient under the statute to support a judgment. The same can be said of the case before us. Even if appellants had proved all they alleged, they would not have had a cause of action under the statute for the simple reason that they alleged nothing more than a case of ordinary negligence, and did not bring themselves within the terms of the act of the Legislature which was enacted to cover this class of cases. The purpose of the statute, article 6701b, was to exempt from liability for ordinary negligence owners of motor vehicles in suits by those who were being transported as nonpaying guests, and it has been held a number of times that negligence per se falls within the class of ordinary negligence. In a suit for damages against a person for injuries inflicted while the defendant was violating the law, proof of the fact that he was, at the time of inflicting the injury, violating the law, dispenses with the necessity of proof that he was doing something in a manner in which a person of ordinary prudence would not have done it, or that he failed to do something which a man of ordinary prudence would have done under the same or similar circumstances. It is a matter of evidence and relieves the party of a quantum of *Page 723 
proof, which, under other circumstances, has always been held to be necessary. We know of no decision which holds that negligence per se, as such, is anything more or less than what the law terms "ordinary negligence."
In the case of Napier v. Mooneyham, 94 S.W.2d 564, 567, the Eastland Court of Civil Appeals classified the acts necessary to bring a defendant within the terms of article 6701b as gross negligence, which is the failure to exercise slight caution or care. The court held, and we think properly so, that the statutory phrase "caused by his heedlessness or his reckless disregard of the rights of others" (Vernon's Ann.Civ.St. art. 6701b, § 1) simply means what the law terms "gross negligence," which, in substance, is an "entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it," citing Texas P. C. O. Co. v. Robertson,125 Tex. 4, 79 S.W.2d 830, 98 A.L.R; 262; Ford v. Magnolia Petroleum Co., 118 Tex. 461, 17 S.W.2d 36.
The statute was intended to give a cause of action against the owner or operator of an automobile in favor of his nonpaying guest for damages caused only by his intentional act, done under a consciousness that injury would result, or by such heedless and reckless conduct as would imply an entire want of care or concern with reference to the welfare of the person injured. It includes all those acts on the part of the host which show an intentional injury or which come within the definition of "gross negligence." It includes also the comparatively new term which has been included in the body of the law in recent times, known as "willful negligence," which lies in between the strict definition of "gross negligence" and "intentional injury." The Vermont statute (Laws 1929, No. 78) on the same subject provides in substance that the host shall not be liable to a guest in his automobile for injuries received by the guest unless the injuries are caused by the "gross or willful negligence of the operator."
In the case of Sorrell v. White, 103 Vt. 277, 153 A. 359, 362, the Supreme Court of Vermont drew a distinction between "gross negligence" and "willful negligence," holding that the latter was a greater degree of negligence than the former. It is said in that case: "To be willfully negligent, one must be conscious of his conduct, and although having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury."
See, also, Louisville N. R. Co. v. Coniff's Adm'r (Ky.)27 S.W. 865.
We think this is an accurate definition. For an act to be willful, it must be conscious, but not necessarily intentional. If an injury is inflicted by the willful act of the defendant, it is certainly a more culpable act than that which is done merely under a want of care, although the want may be entire. "Willful negligence," therefore, would be included in the term "gross negligence," and would come within the statute, article 6701b. The statute, in express terms, covers intentional injury and what has been held to be the equivalent of gross negligence. Napier v. Mooneyham, supra.
It is our opinion, therefore, that our statute is sufficient to cover all those acts which come within the three classifications mentioned, viz.: First, intentional injury; second, those injuries which are inflicted in a manner which shows only a slight degree of care or caution, or, to put it in another way, which shows the absence of that care or caution which would have been used by a very careless person; and, third, those injuries which result from the willful act of the owner or operator of the automobile involved.
Neither the allegations nor proof in this case comes within either of these three classifications. It is not alleged that the appellee, Mr. Feldman, intentionally injured Mrs. Glassman, nor that the acts which resulted in her injuries were willfully done by him, nor that he acted with an entire want of care or that degree of care which would have been exercised only by a very careless person. Both the allegations and proof fall within the definition of "ordinary negligence," and nothing more. It is a case which falls well within those cases which the Legislature intended to deny to guests in automobiles, and in our judgment the trial court correctly instructed the jury to return a verdict in favor of appellee.
The judgment is therefore affirmed. *Page 724