Ethel Mae FANCHER, Appellant,

v.

Roy Lyle CADWELL, Appellee.

No. 15859.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 10, 1958.

Rehearing Denied Feb. 7, 1958.

**546**

Kouri & Banner and Jack G. Banner, Wichita Falls, for appellant.

Jones, Parish & Fillmore and Harold Jones, Wichita Falls, for appellee.

BOYD, Justice.

Appellant Ethel Mae Fancher sued appellee Roy Lyle Cadwell for damages for personal injuries sustained when an automobile in which she was riding as appellee's guest, and which was being driven by appellee, was struck by another automobile. Article 6701b, Section 1, Vernon's Anno. Civ.St., known as the guest statute, was invoked. It provides that the guest of an operator of a motor vehicle shall not recover from his host unless damages are caused intentionally or by his heedlessness or his reckless disregard of the rights of others. There is no suggestion that the accident was intentional, and the case proceeded on the theory that the issue was whether the accident was caused by appellee's gross negligence.

The court instructed the jury that gross negligence is "more than momentary thoughtlessness, inadvertence or error of judgment. There must be an entire want of care to raise the belief or presumption that the act or omission complained of was the result of conscious indifference to the rights, welfare or safety of the persons affected by it."

The accident occurred shortly after 11:00 P.M. on the Wichita Falls-Iowa Park Highway, about two miles west of the city limits of Wichita Falls. While trying to cross the lane reserved for west-bound traffic in order to reach the lane reserved for east-bound traffic, appellee's car was struck by a car traveling west, and as a result appellant was seriously injured.

The jury found that appellee drove his car onto the highway with its headlights not burning, but that such act was not gross negligence; that he drove onto the highway without yielding the right of way to approaching vehicles, and that such conduct was gross negligence and a proximate cause of the collision; that he drove on the wrong side of a divided highway, but this was not gross negligence; that he drove his car onto the highway when another car was approaching so closely as to be an immediate hazard, and such was gross negligence and a proximate cause. Appellant's damages were assessed at $7,500. Appellee's motion for judgment non obstante veredicto was sustained and judgment rendered for appellee, the judgment reciting that the evidence raised no issue of fact and that a directed verdict for appellee would have been proper.

At appellant's request, the court filed findings of fact and conclusions of law. It was found that: the answers of the jury that appellee drove his car onto the highway with its headlights not burning, without yielding the right of way to an approaching vehicle, and drove on the wrong side of a divided highway, and drove onto the highway when another automobile was approaching so closely as to be an immediate hazard, were supported by evidence; it was further found that appellant failed to show that the accident was caused by appellee's heedlessness or his reckless disregard of the rights of others. The court concluded that appellant failed to make a case against appellee to the extent that the accident was caused by appellee's heedlessness or his reckless disregard of the rights of others, and that he was "not

guilty of gross negligence because the evidence does not show any conduct in the nature of a continued or persisting course of action of sufficient duration as seems to be required by the Appellate Courts of this state, before negligent action becomes gross, as a matter of law."

It is appellant's contention that the evidence was sufficient to take the case to the jury and that it was error for the court to render judgment non obstante veredicto for appellee.

Appellant and appellee had been acquainted for six or eight weeks and had kept company during that time. On the night of the accident, appellant was baby-sitting, and it was arranged by the parties that appellee would call for appellant about 11:00 P.M. at the house where she was working, and take her to her home in Wichita Falls; appellee drove on a private driveway from the highway to the house, which was situated between 50 and 100 feet north of the highway; the driveway was 20 or more feet wide; appellant came to the car; appellee backed the car toward pen and returned to the house where her employer wrote two checks for her compensation; she then returned to and entered the car; appellee backed the car toward the highway, and when it reached the graveled shoulder, or the paved portion reserved for west-bound traffic, appellee turned the rear of the car to the west, shifted gears, and attempted to drive to the south lane, which was reserved for east-bound traffic; six feet of gravel separated the east- and west-bound traffic lanes; when his car was in the south half of the west-bound traffic lane it was struck by a car traveling west. The road was straight and level and there was nothing to prevent appellee's seeing the approaching car.

Appellant testified: when she came from the house to enter the car, its motor was running and its headlights were not burning; the lights were not turned on before the collision; sometimes, on other occasions when appellee was taking her home, he turned his car around in the private driveway or in the yard, and drove out to the highway instead of backing the car out; on the occasion in question, in backing out, appellee "acted as though he was in a terrible hurry;" he backed out faster than he usually did; he backed the car onto the pavement and started forward; at that time appellant saw the approaching car, and said to appellee, " 'For God's sake turn on your headlights;' " there was no other conversation between them from the time she entered the car until the collision; the collision occurred not more that a minute or a minute and a half after she entered the car; the headlights on the approaching car were burning; appellee had made no attempt to halt or stop his car before she told him to turn on his lights; she did not see appellee turn the car to either side in an attempt to avoid the collision; she did not see or feel any attempt to apply the brakes; when the car got on the highway, its rear was turned toward Iowa Park; "Q. And then he started across the highway? A. He started down the highway. * * * Q. He simply backed out, started across the highway and there was a collision? A. I still don't think he had started across the highway; he was headed toward Wichita Falls on the wrong side of the highway."

Appellee testified in substance as follows: he thought he turned off the headlights and left the motor running when he stopped at the house where appellant was working; he backed his car to the gravel shoulder and turned its rear to the west; he shifted gears and started forward across the west-bound traffic lane; "I backed out onto the gravel and started—got cross ways across the pavement. Q. Did you see a car coming as you started up? A. When I pulled out there, when I started through, I saw one quite a ways down the highway." He estimated that the car was traveling between 70 and 75 miles per hour; it was "quite a bit farther than from here to the other end of the room. * * * I said

**548**

as far as from here to the end of the room or a little further." At another point he said that when he saw the oncoming car he was stopped on the shoulder.

"Q. And observing that car coming, you started across the highway, is that correct, sir? A. Yes. It was far enough away I thought I had time to get across. * * *

"Q. And you saw that car coming toward you? A. Yes, sir.

"Q. And seeing that car, at a distance of less than 100 feet coming at you at ninety miles an hour, you deliberately drove your car in front of it? (No answer).

"Q. Will you answer my question yes or no, sir? A. I started across the highway."

■ In Napier v. Mooneyham, Tex.Civ. App., 94 S.W.2d 564, it was held that the *heedlessness or* reckless disregard of the rights of others, under Article 6701b, means *heedless and* reckless disregard of the rights of others.

■ It seems to be established that the quality of negligence necessary to support a recovery under the guest statute is the same as that necessary to support a recovery of exemplary damages under "gross" negligence. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607; Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022; Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571.

"Gross negligence" is often defined as an "entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." Missouri Pac. Ry. Co. v. Shuford, 72 Tex. 165, 10 S.W. 408, 411; Texas Pac. Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W. 2d 830, 98 A.L.R. 262.

■ It has, however, been defined as "the exercise of so slight a degree of care

as to justify the belief that the person on whom care was incumbent was indifferent to the interest and welfare of others." International & G. N. R. Co. v. Cocke, 64 Tex. 151, cited in Dallas City R. Co. v. Beeman, 74 Tex. 291, 11 S.W. 1102, and Napier v. Mooneyham, supra; 30–B Tex. Jur., p. 199, sec. 28; Gulf, C. & S. F. Ry. Co. v Hamilton, Tex.Civ.App., 57 S.W.2d 309; Morton Salt Co. v. Wells, Tex.Civ. App., 35 S.W.2d 454; Galveston, H. & S. A. Ry. Co. v. Cook, Tex.Sup., 16 S.W. 1038.

In McDonald v. International & G. N. R. Co., Tex.Civ.App., 21 S.W. 774, 775, it is said that gross negligence is "evidenced by acts indicating a wanton and reckless disregard for human life and safety of others, * * *."

It has been said that there must be something in the nature of a continued or persistent course of action before gross negligence of a host is shown. Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142; Linn v. Nored, Tex.Civ.App., 133 S.W.2d 234; Bowman v. Puckett, supra; McCarty v. Moss, Tex.Civ.App., 225 S.W.2d 883; Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001; Fly v. Swink, 17 Tenn.App. 627, 69 S.W.2d 902.

■ In holding that heedless and reckless disregard of the rights of others was not shown, the friendly relation of host and guest has been emphasized. Aycock v. Green, Tex.Civ.App., 94 S.W.2d 894; Pfeiffer v. Green, Tex.Civ.App., 102 S.W. 2d 1077; Rowan v. Allen, supra; Rogers v. Blake, supra. However, as was pointed out in Bowman v. Puckett, supra, the persons who may be affected by a host's reckless driving are not only the occupants of his automobile but also persons who may be traveling on the street or highway. Friendliness usually exists in a host-guest relationship; but it cannot be presumed that because a host does not desire to injure his guest, evidence of heedless and reckless disregard of the rights of others is excluded. This is true irrespective of

the rights of others on the highway; for there is as strong a presumption that a host does not desire to injure himself. If either presumption, or both, must be overcome, it is difficult to imagine a case where recovery could be had under the guest statute.

Some of the difficulty in harmonizing the decisions may arise from different conceptions of the quality of negligence necessary to make it "gross." An entire want of care and slight care are not the same. If a showing of an entire want of care is requisite, where there is any care there is no gross negligence.

 The judgment non obstante veredicto cannot be sustained if there was any evidence of probative force to support the jury finding of gross negligence; and the evidence must be considered in the light most favorable to appellant. Whether the accident was caused by heedless and reckless disregard of the rights of others may be determined from inferences from physical facts. The jurors are the judges of the facts testified to and all reasonable inferences to be drawn therefrom. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616; Bowman v. Puckett, supra; Munves v. Buckley, Tex.Civ.App., 70 S.W.2d 605.

If this were a case of first impression, it might be thought that the facts in evidence and the inferences which the jury had the right to draw from them have probative force to support the findings of gross negligence. Burt v. Lochausen, supra; Munves v. Buckley, supra; Bowman v. Puckett, supra; Malone v. Clemow, 111 Cal.App. 13, 295 P. 70; Cerny v. Secor, 211 Iowa 1232, 234 N.W. 193; Hart v. Hinkley, 215 Iowa 915, 247 N.W. 258; Brandsoy v. Bromeland, 177 Minn. 298, 225 N.W. 162; Monner v. Starker, 147 Or. 118, 31 P.2d 1109; Meyer v. Hart, 110 Conn. 244, 147 A. 678.

Had the jury found simple negligence only, the finding might have been controlling. It probably could not have been said that gross negligence, as a matter of law, was in the case. In view of this evidence, can we now say that, as a matter of law, gross negligence is not in the case? In this case, there is more than driving at night without headlights; that might be inadvertence, or some other form of simple negligence. There is more than driving east on a lane reserved for west-bound traffic; that might conceivably result from an error of judgment as to the location of appellee's car on the highway. There is driving onto the highway from a private road without yielding the right of way to vehicles approaching on said highway, which action is prohibited by Article 6701d, section 74. There is driving onto the highway when a car is approaching so closely as to be an immediate hazard. There is an attempt to drive across the north lane of the highway, when, before he started to cross, appellee saw a car coming down that lane at a speed between 70 and 75 miles per hour, which car, when he saw it, was "as far as from here to the end of the room or a little further." If it be necessary to prove something of a continued or persistent course of action to establish gross negligence, it might be said that this element is supplied by the testimony in this case. Burt v. Lochausen, supra; Bowman v. Puckett, supra; Munves v. Buckley, supra; Malone v. Clemow, supra; Cerny v. Secor, supra; Brandsoy v. Bromeland, supra; Monner v. Starker, supra; Meyer v. Hart, supra.

 It has been held that excessive speed, failure to apply brakes, failure to slacken speed, failure to turn to the right or to the left to avoid a collision, failure to keep a proper lookout, momentary thoughtlessness, inadvertence, and error of judgment, are acts of ordinary negligence. Mayer v. Johnson, Tex.Civ.App., 148 S.W. 2d 454; Crosby v. Strain, Tex.Civ.App., 99 S.W.2d 659; Glassman v. Feldman, Tex. Civ.App., 106 S.W.2d 721; Linn v. Nored, supra; Rowan v. Allen, supra; Wood v. Orts, Tex.Civ.App., 182 S.W.2d 139. In

**550**

the last cited case, it seems that all such acts and omissions were present, but it was held that the issue of gross negligence was not raised.

Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001, 1003, is so nearly in point that its holding would appear to be authoritative. There it was shown that the defendant failed to stop his car at a stop sign at the intersection of two streets; that he failed to yield the right of way to cars traveling on a through street; and that he failed to keep a proper lookout for other vehicles approaching the intersection. These acts of negligence caused the plaintiff's injuries. It was alleged that they constituted " 'gross negligence and heedless and reckless disregard of the rights of others.' " There was a judgment for the plaintiff, which was reversed and remanded by the Court of Civil Appeals; and in reversing and rendering, the Supreme Court said: "All these allegations rely upon the failure of respondent, Blake, to stop at the stop sign as he entered Alabama Street from Richmond Street, and to his driving out into Alabama Street. Had Blake stopped the accident would not have happened. The evidence is uncontroverted to show that Blake knew of the stop sign and that he did not stop. There is evidence to show he slowed down, but none to show that he stopped. Unless his failure to stop at this stop sign constituted gross negligence, then the trial court should have sustained Blake's motions for an instructed verdict, or his motion for judgment non obstante veredicto. * * * No facts or circumstances are shown which would justify the inference that defendant's conduct was grossly negligent, * * *."

In the case at bar, had appellant stopped until the approaching car had passed, the accident which is the basis of this suit would not have occurred. We feel that the holding in Rogers v. Blake, supra, is controlling here; and accordingly the judgment is affirmed.

Judgment affirmed.