Gene E. BEATY, Next Friend for and on behalf of His Minor Children, Gene Raymond Beaty and William Barton Beaty, Appellant,

v.

Harry Malcolm LINDEN, Appellee.

No. 4043.

Court of Civil Appeals of Texas.

Waco.

Sept. 27, 1962.

Rehearing Denied Oct. 11, 1962.

Wells & Power, Irving, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Eugene Jericho, Dallas, for appellee.

WILSON, Justice.

Defendant's motion for summary judgment in an automobile guest case was sustained. Plaintiff alleged his two minor children were injured while riding in a car driven by defendant; and that his negligence in driving while intoxicated and while under the influence of drugs at an excessive rate of speed, and in failing to keep a proper lookout, proximately caused the damages asserted. Plaintiff pleaded the conduct asserted constituted heedlessness and a reckless disregard of the rights of others under Art. 6701b, Vernon's Ann.Civ. Stats. Defendant testified by deposition that his car collided with the rear end of a vehicle stopped at an intersectional stop sign, and that he failed to apply his brakes.

Depositions and affidavits on file raised a genuine issue of fact, under Rule 166–A (c), Texas Rules of Civil Procedure as to whether defendant drove his car in the manner alleged, as above summarized. Defendant seeks to sustain the judgment by the contention this could constitute only ordinary negligence—not gross negligence —as a matter of law.

In Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607, 613, the Supreme Court stated that by declaring the driving of an automobile on public streets while intoxicated to be a penal offense, the legislature declared what every prudent person knows: that it is dangerous to occupants of the vehicle and others for an intoxicated driver to so operate it. It was there held that an occupant who knowingly and voluntarily remained in a vehicle so driven is charged "with acting in heedless and reckless disregard of his own safety", and that passengers in that case were "heedless and reckless of their own safety as a matter of law." In the present case (if it raises the issue), the record does not establish knowledge of defendant's alleged condition without dispute.

Since the act of a passenger, then, in occupying an automobile under the Rice case facts constitutes heedless and reckless dis-

**592**

regard of such passenger's rights, may it be plausibly argued that the driver's conduct is of a quality less culpable?

We are not required to decide whether or not the act of driving while intoxicated, taken alone, may constitute gross negligence. We hold that since the record raises an issue as to this conduct, coupled with driving at a speed of from 50 to 60 miles per hour in a 30 mile per hour speed zone, resulting in a rear-end collision and injuries to the children as reflected in this case, a summary judgment is not authorized. See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 518, 141 A.L.R. 50; Napier v. Mooneyham, Tex.Civ.App., 94 S.W.2d 564, 568, writ dism.; 60 C.J.S. Motor Vehicles § 258c, p. 633, and n. 62; 4 Blashfield, Automobiles, Sec. 2336, p. 467.

Reversed and remanded.